UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

JAMES K. GREEN, JR.                                     Case No. 06-12159

        Debtor

**ORDER SUSTAINING CHASE AUTO FINANCE'S OBJECTION TO CONFIRMATION OF THE DEBTOR'S CHAPTER 13 PLAN**

Stephen L. Klimjack, Attorney for Debtor, Mobile, AL
Geoffrey D. Alexander, Attorney for Chase Auto Finance, Mobile, AL

This matter came before the Court on Chase Auto Finance's ("Chase") objection to confirmation of the debtor's chapter 13 plan. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court has authority to enter a final order. For the reasons indicated below, the Court is sustaining Chase's objection to confirmation.

## FACTS

The debtor's chapter 13 plan provided for surrender of a Mercedes vehicle "in full satisfaction of the debt". The vehicle was used as collateral to secure a debt to Chase. Chase filed an objection to confirmation, namely objecting to the "in full satisfaction of the debt" language in the plan. The Court held a hearing on this matter on December 21, 2006. Both parties stipulated that the vehicle was purchased within 910 days prior to filing for bankruptcy and that it was acquired for the debtor's personal use.

## LAW

The issue before this Court is whether surrender of a vehicle pursuant to the "hanging

paragraph" under 11 U.S.C. § 1325(a)(9) results in "full satisfaction of the debt" or whether a 910 creditor may subsequently file a proof of claim as an unsecured creditor for any resulting deficiency? At the December 21 hearing, the parties presented the Court with many cases. Although the Court read and considered all cases presented, this opinion will focus only on two of them.

In *In re Sessions, 05-17467-MAM-13 (Bankr. S.D. Ala. March 13, 2006)*, this Court held that since the "hanging paragraph" explicitly prohibits the use of 11 U.S.C. § 506, a 910 creditor's secured status is determined under state law. This opinion constitutes the next logical step from the *Sessions* decision.

In *In re Particka*, Judge Shefferly found that "the right to pursue a deficiency claim derives from the recourse nature of an obligation under non-bankruptcy law after disposition of collateral." 2006 WL 3350198, at *10 (Bankr. E.D. Mich. Nov. 17, 2006). Therefore, since "a recourse promise to pay permits an under-secured creditor to pursue any deficiency that exists after disposition of its collateral under non-bankruptcy law, the under-secured creditor retains this right under § 502 after surrender." *Id*. This Court agrees with Judge Shefferly's reasoning and concludes that surrender of a vehicle pursuant to the "hanging paragraph" under § 1325(a)(9) does not result in "full satisfaction of the debt". Instead, a 910 creditor may subsequently file a proof of claim as an unsecured creditor for any continuing deficiency.

THEREFORE IT IS ORDERED AND ADJUDGED that Chase's objection to confirmation of the debtor's chapter 13 plan is SUSTAINED.

Dated: December 29, 2006

MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE

2